# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2000 | **DATE** | December 10, 2010 |
| **CASE TITLE** | *Hasbun v. United States and Resurrection Health Care Corp.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the government's renewed motion to dismiss [21-1] is granted. The court declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims against Resurrection Health Care Corporation and remands the case to the Circuit Court of Cook County, Illinois. The case is terminated and the clerk is directed to remove the case from the court's docket.

■[ For further details see text below.]

00:00

# STATEMENT

The plaintiff brought this suit against Yam Tong, M.D., Resurrection Health Care Corporation and PCC Community Wellness Center for an alleged assault and battery that occurred during a medical examination. PCC is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. In addition to assault and battery, the plaintiff alleges negligence, negligent supervision, and intentional infliction of emotional distress.

**Background**

The case was originally filed in state court. The United States, upon certification by the Attorney General's delegate that Dr. Tong was acting within the scope of his federal employment at PCC, removed the case to this court on March 31, 2010, pursuant to the Westfall Act, 28 U.S.C. § 2679. The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 225 (2007). Title 28 U.S.C. § 2679(d)(2) states that:

> Upon certification by the Attorney General that the *defendant employee was acting within the scope of his office or employment* at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or

employment for purposes of removal.

*Id.* (emphasis added).

At the same time, and again pursuant to § 2679(d)(2), the United States was substituted as the defendant in place of Dr. Tong and PCC. "[S]ubstitution of the United States as the exclusive defendant under the Westfall Act confers immunity on the defendant employee." *Taboas v. Mlynczak*, 149 F.3d 576, 580 (7th Cir. 1998). If the United States' substitution was proper, then the plaintiff has no individual claims against Dr. Tong and the plaintiff must proceed against the United States under the Federal Tort Claims Act ("FTCA").

The government filed a motion to dismiss asserting that the plaintiff had failed to exhaust her administrative remedies under the FTCA. In response, the plaintiff challenged the government's assertion that Dr. Tong was acting within the scope of his employment such that certification and substitution by the United States was proper. The court denied the government's original motion to dismiss and allowed the plaintiff to conduct limited discovery regarding whether Dr. Tong was acting within the scope of his employment. The government renews its motion to dismiss "[b]ecause the limited discovery date has now passed." Renewed Motion to Dismiss at 1, Dkt. #21. It does not appear from the record that the plaintiff took any discovery on the scope of employment issue.

**Analysis**

A plaintiff may not proceed against a federal employee in his individual capacity until the plaintiff has successfully challenged the United States' scope of employment determination. *Godbout v. Parizek*, 03 C 2879, 2004 WL 442601, at *3 (N.D. Ill. Feb. 9, 2004)(If [the plaintiff's] challenge [to the scope of employment issue] is successful, then [the individual defendant] will be re-substituted as the defendant, and the suit will proceed against him in his individual capacity in this court, subject to a review of subject matter jurisdiction.")(citation omitted). The Supreme Court has interpreted the Westfall Act to allow a plaintiff to challenge the scope of employment determination by the Attorney General. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995) ("[T]he Attorney General's certification that a federal employee was acting within the scope of his employment-a certification the executive official, in cases of the kind at issue, has a compelling interest to grant-does not conclusively establish as correct the substitution of the United States as defendant in place of the employee"). *See also Taite v. Morin*, 521 F. Supp.2d 141, 142 (D.N.H. 2007) ("While a district court cannot reverse the removal itself, the court can reverse the Attorney General's scope of employment certification.") (citation omitted). However, "the challenging party carries the burden of proving the certification was made in error." *Carlson v. Hood*, No. 04 C 7937, 2005 WL 3005617, at *1 (N.D. Ill. Nov. 7, 2005)(*citing United States v. Jarrett*, 133 F.3d 519, 540 (7th Cir. 1998)).

"[T]he factual determination of whether or not the defendant employee was entitled to immunity under the FTCA must be decided by the district court as early in the proceedings as possible." *Taite*, 521 F. Supp.2d at 142-43 (citation omitted). As noted by the Supreme Court, judges have a "greater factfinding role in Westfall Act cases than they traditionally have in other immunity contexts." *Osborn v. Haley*, 549 U.S. 225, 253, n.18 (2007). Indeed, "[w]hen Westfall Act immunity is in dispute, a district court is called upon to decide who the proper defendant is: the named federal employee, or the United States." *Id*. Thus, under certain circumstances, the court may be required to hold an evidentiary hearing in order to ascertain whether the Attorney General's scope of employment certification was proper. *Taite*, 521 F. Supp.2d at 143 (noting that the district court held an evidentiary hearing "to determine the accuracy of the Attorney General's scope-of-employment certification").

| STATEMENT |
|---|

However, "the party challenging the certification must provide 'something more than conclusory abstractions' in order to obtain such a hearing." *Murrietta v. Banner Health System*, No. CV-06-371-PHX-DGC, 2006 WL 1663236, at *2 (D. Ariz. Jun.9, 2006) *(citing Day v. Massachusetts Air National Guard*, 167 F.3d 678, 686 (1st Cir. 1999)). *See also Ware v. Doane,* 227 F. Supp.2d 169, 173 (D. Me. 2002) ("To [challenge the certification], the plaintiff must make an evidentiary proffer capable of generating a genuine issue of material fact as to whether the defendant was acting outside the scope of his or her employment. Only if the plaintiff succeeds in this task will a hearing be afforded.") (citation omitted). "Ultimately, 'the party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification[.]'" *Id.* (*quoting Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993)).

Here, despite the fact that the court granted the plaintiff's request to conduct discovery regarding the scope of employment issue, the plaintiff apparently did not do so. Thus, she has not rebutted the government's certification, which constitutes *prima facie* evidence that the employee was working within the scope of his employment. *Ware*, 227 F. Supp.2d at 172-73 ("[T]he scope certification is itself *prima facie* evidence that the defendant was acting within the scope of his or her employment.") (citations omitted).

Because the plaintiff has failed to proffer any competent evidence challenging the Attorney General's scope of employment determination, the court concludes that substitution under the Westfall Act was proper. As a result, the United States is substituted as the defendant in this case and the FTCA applies. *Wess v. U.S. Government*, No. 10 C 4555, 2010 WL 4386861, at *1 (N.D. Ill. Oct. 28, 2010) ("The FTCA provides that federal district courts shall have exclusive jurisdiction of civil actions on claims against the United States for injuries caused by any employee of the Government while working in the scope of his office or employment.") (citation omitted). "An action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." *Id.* (citations and internal quotation marks omitted).

The government contends and the plaintiff does not contest that she has not exhausted her administrative remedies; thus dismissal of the United States is warranted. 28 U.S.C. § 2675(a).

**Conclusion**

For the reasons stated above, the government's motion to dismiss without prejudice is granted. The court declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims against Resurrection Health Care Corporation and remands the case to the Circuit Court of Cook County, Illinois. The case is terminated and the clerk is directed to remove the case from the court's docket.